Filed 6/21/24  P. v. Cuica CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CONRADO CUICA,<br><br>    Defendant and Appellant. | G062493<br><br>(Super. Ct. No. 08CF1939)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Conrado Cuica appeals the denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  His appellate counsel filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring he was unable to find any issues to raise on appellant's behalf.  Having independently reviewed the record, we have not detected any arguable issues either.  We therefore affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, appellant fired several shots at a person who had been arguing with his nephew Marino Cuica.  The shots missed Marino's antagonist but struck and injured a teenage girl who happened to be in the area.

Following a jury trial, appellant was convicted of attempted murder, negligently discharging a firearm, possessing a firearm as a felon, and street terrorism. (§§ 664/187, subd. (a), 246.3, former 12021, subd. (a)(1), 186.22, subd. (a).)  The jury also found true allegations that appellant personally discharged a firearm and caused great bodily injury during his crimes.  (§ 12022.53, subds. (c), (d).)  The trial court sentenced him to 25 years in prison, and we affirmed the judgment on appeal.  (*People v. Cuica* (Oct. 4, 2011, G043189) [nonpub. opn.].)

In 2022, appellant filed a petition for resentencing under section 1172.6. Following a response by the People and a hearing at which appellant was represented by appointed counsel, the trial court denied the petition for failing to make a prima facie case.  In so doing, the court relied on the jury's findings that appellant personally discharged a firearm while committing attempted murder.  Even though appellant did not intend to kill the person he actually shot, the trial court determined he was ineligible for

---

[1]  That section was formerly housed in Penal Code section 1170.95, but in 2022 it was renumbered without substantive change as Penal Code section 1172.6  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code.

resentencing because the jury found he harbored the intent to kill when he fired at his intended victim.

On appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed appellant of his right to file a supplemental brief, however he declined to do so. Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues. (See *id*. at p. 230.) But our examination has only confirmed appointed counsel's conclusion that there are no arguable issues and that appellant's petition was properly denied.

## DISCUSSION

To be eligible for resentencing for the crime of attempted murder, the defendant must have been convicted under the natural and probable consequences doctrine or some other theory under which malice was imputed to him based solely on his participation in a crime. (§ 1172.6, subd. (a).) However, appellant's jury was not instructed on any such theory. Rather, it was told it could only convict him of attempted murder if he personally intended to kill and he personally took a direct but ineffectual step toward achieving that objective. (CALCRIM No. 600.)

By finding appellant guilty of that offense, and finding he discharged a firearm during its commission, the jury convicted appellant based on his *own* actions and his *own* malice. It doesn't matter that he was aiming for someone other than who he actually hit. (See *People v. Lopez* (2024) 99 Cal.App.5th 1242 [transferred intent is not a theory of imputed liability for purposes of resentencing under section 1172.6].) Therefore, he is ineligible for resentencing as a matter of law, and the trial court rightly denied his petition at the prima facie stage of the proceedings. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971 [denial proper if the record of conviction conclusively negates the defendant's right to resentencing].) There is no arguable basis for disturbing that decision.

DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.

BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.